ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ELIEZER SANTANA BÁEZ | | *Revisión Judicial* procedente del Departamento de Corrección y Rehabilitación |
|---|---|---|
| Recurrente | | |
| v. | KLRA202500153 | Caso Núm.: B-1542-24 |
| DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN | | |
| Recurrido | | Sobre: Servicios Médicos |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Campos Pérez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 19 de mayo de 2025.

Comparece ante nos el señor Eliezer Santana Báez (señor Santana Báez o Recurrente) mediante recurso de revisión judicial. Nos solicita que revoquemos la *Resolución* emitida el 6 de febrero de 2025 por el Departamento de Corrección y Rehabilitación (DCR).[1] Mediante ésta, el DCR aseguró al Recurrente que tendría una cita con un cirujano, pautada para el mes de febrero de 2025. Sin embargo, el DCR no llevó al señor Santana Báez a dicha cita.

Procedemos a desestimar el presente recurso de revisión judicial por haberse tornado académico. Veamos.

## I.

El señor Santana Báez se encuentra recluido en la Institución Bayamón 501. El 1 de noviembre de 2024, el Recurrente presentó una *Solicitud de Remedios Administrativos* ante la División de Remedios Administrativos del DCR (DRA).[2] Adujo que tenía una cita programada para el 23 de octubre de 2024 para que le tomaran placas debido a distintas dolencias físicas que le aquejaban. No obstante, la

---

[1] Notificada el 14 de febrero de 2025.
[2] Véase, Apéndice del Recurrente.

Número Identificador

SEN2025_____

compañía encargada de proveer servicios médicos a la población correccional no realizó la prueba radiológica. Posteriormente, sin embargo, el 8 de noviembre de 2024, se le realizaron las placas al señor Santana Báez.

La DRA emitió su *Respuesta* el 22 de noviembre de 2024. En ésta, la evaluadora a cargo, Sra. Maribel García Charriez, sugirió al Recurrente que le escribiera al Superintendente de la Institución 501 y le notificara su situación. Así las cosas, el 6 de febrero de 2025, el DCR emitió una *Resolución* en la cual apuntó que el asunto de las placas fue resuelto; y que se programó una cita para el mes de febrero de 2025 con el cirujano que atendió al señor Santana Báez en una ocasión previa.[3]

Entonces, el Recurrente acudió ante esta Curia mediante recurso de revisión judicial. Alegó que, contrario a lo dispuesto en la *Resolución* del 6 de febrero de 2025, el DCR no lo llevó a su cita con el cirujano. Además, indicó que se le había negado el medicamento *Varsartan* 320 mg, en contravención con las órdenes de sus médicos. Por todo esto, el Recurrente acudió ante este foro apelativo intermedio y nos señaló la comisión del siguiente error:

> Erró Physician al determinar que en febrero de 2025 me va a llevar al cirujano y no lo hizo, y así dictaminar que anteriormente fui atendido uno, cuando fue por otra cosa y no para analizar las adherencias y de esa forma seguir postergando mi atención médica.

Oportunamente, el DCR compareció mediante *Solicitud de Desestimación.* Sostuvo que procedía la desestimación del recurso presentado por el señor Santana Báez por haberse tornado académica la controversia. El DCR informó que reprogramó la cita con el cirujano para el 3 de abril de 2025 y que el Recurrente acudió a la misma.[4] De igual forma, el DCR aseguró que el 21 de abril de 2025 se le suministró al señor Santana Báez el medicamento *Ibersartan,* el cual

---

[3] Véase, Apéndice del Recurrente.
[4] Véase, Apéndice del Recurrido, pág. 16.

contiene los mismos ingredientes que el medicamento solicitado.[5] De manera que, la controversia se había tornado académica.

Contando con la comparecencia de todas las partes, procedemos a resolver la controversia ante nuestra consideración.

## II.

Los tribunales deben observar ciertos requisitos —previo a entrar en los méritos de un caso— ya que su jurisdicción se encuentra circunscrita a que el mismo sea *"justiciable"*. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 334 (2012).; *PNP v. Carrasquillo*, 166 DPR 70, 74 (2005). La justiciabilidad *"[e]stá ceñida a aquellas situaciones en que estén presentes controversias reales y vivas susceptibles de adjudicación por el tribunal y donde este imparta un remedio que repercuta en la relación jurídica de las partes ante sí"*. *IG Builders et al. v. BBVAPR, supra*, pág. 334. Al respecto, nuestro ordenamiento expresa:

> Se ha reconocido que un caso no es justiciable cuando las partes no tienen legitimación activa, cuando un asunto carece de madurez, cuando la pregunta ante el tribunal es una cuestión política, y **cuando un caso se ha tornado académico**. *PNP v. Carrasquillo, supra*, pág. 74. (Énfasis suplido).

Así, pues, un caso se torna académico cuando por el transcurso del tiempo —debido a cambios facticos o judiciales durante el trámite del litigio— el mismo pierde su carácter adversativo y el remedio que en su día pudiera concederse no tendría efectos prácticos. *Angueira v. JLBP*, 150 DPR 10, 19 (2000). La *academicidad* implica la falta de adversidad, en otras palabras, la ausencia de una controversia real entre las partes. En ese sentido, la doctrina de autolimitación judicial en discusión es de aplicación durante todas las fases de un pleito, lo que incluye la etapa apelativa o revisora, ya que es necesario que exista una controversia genuina entre las partes en todo momento. *Báez Díaz v. ELA*, 179 DPR 605, 617 (2010).

---

[5] Véase, Apéndice del Recurrido, pág. 17.

Por lo tanto, es norma reiterada en nuestro ordenamiento que; *"[l]os tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen"*. *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).; *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal. *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014). En armonía, el Reglamento de Tribunal de Apelaciones nos concede facultad para desestimar un recurso cuando carecemos de jurisdicción. Específicamente, el inciso (C) de la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 83 (C), dispone que, a iniciativa propia o a petición de parte, este foro intermedio puede desestimar un recurso por cualesquiera de los motivos consignados en el inciso (B) precedente. A tales efectos, el inciso (B) de la citada norma establece, entre sus fundamentos para la desestimación, aquellas instancias en que el Tribunal de Apelaciones carece de jurisdicción. 4 LPRA Ap. XXII-B, R. 83 (B) (1). De conformidad con lo antes señalado, los tribunales tenemos el deber de desestimar todo pleito que haya advenido académico y no tenemos discreción para negarnos a ello, dado que no existe autoridad judicial para acogerlo. *Moreno v. UPR II*, 178 DPR 969, 974 (2010).

### III.

En el presente caso, el DCR nos presentó dos certificaciones, fechadas el 21 y 29 de abril de 2025, respectivamente. En la primera certificación, el DCR certificó haberle suministrado el medicamento *Ibersartan* cuyos componentes son bioequivalentes a los del medicamento solicitado por el señor Santana Báez.[6] En la segunda certificación, el DCR reconoció que no le dio el debido seguimiento a

---

[6] Véase, Apéndice del Recurrido, pág. 17.

la cita con el cirujano y que no se confirmó la misma. No empecé a esto, el DCR certificó que coordinó una nueva cita con el cirujano para el jueves, 3 de abril de 2025, a la cual el señor Santana Báez asistió y fue atendido.[7]

Ante este cuadro fáctico, es evidente que las contenciones del Recurrente se tornaron académicas, lo que nos priva de jurisdicción. De manera que, a la luz de la normativa antes reseñada y en vista de que el asunto presentado por el señor Santana Báez no es justiciable, procedemos a desestimar el recurso por academicidad.

**IV.**

Por los fundamentos antes expuestos, se desestima el recurso de revisión judicial presentado por haberse tornado académico.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[7] Véase, Apéndice del Recurrido, pág. 16.